UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARLENE PALMER, APRIL
PALMER, AND JASON PALMER,

     Plaintiffs,

Case No:

vs.

Hon _____

CITY OF EASTPOINT, MICHIGAN,
COREY HAINES, MIRANDA BRATTON,
BRIANA CURTIS, JOHN DOE 1,
and MARIAH WALTON,

     Defendants.

---

## PLAINTIFFS' COMPLAINT

    Plaintiffs, DARLENE PALMER, APRIL PALMER, and JASON PALMER, by and through their attorneys, CELESTE M. DUNN PLC, for their Complaint, state:

## PRELIMINARY STATEMENT

1.     This is a civil action, in part, for damages arising under 42 U.S.C. § 1983 for deprivations of Plaintiff Jason Palmer's constitutional rights against Defendant

City of East Pointe, Michigan ("Defendant City"), Defendant City Director of Public Safety Corey Haines ("Defendant Haines"), Defendant City public safety officer Miranda Bratton ("Defendant Bratton"), unknown Defendant City public safety officer John Doe 1 ("Defendant John Doe 1"), and Defendant Animal Control Officer Briana Curtis ("Defendant Curtis") as to the unlawful seizure (and ultimate euthanasia) of his dog Theodore ("Dog Theodore").

2.     This action also arises, in part, out of the denial by the Defendant City, acting in concert and/or by Defendant Haines and/or former East Pointe City Manager Mariah Walton ("Defendant Walton"), of Plaintiffs Darlene Palmer's and April Palmer's (hereinafter collectively referred to as "FHA Plaintiffs") reasonable accommodation requests for an exemption from City Ordinance Section 8-8 ("Ordinance 8-8") due to various diagnosed medical disabilities.

3.     FHA Plaintiffs suffer from medical conditions including, but not limited to, various anxiety and depressive disorders and cancer, and have been treating with health care providers for these mental and physical health conditions for many years, and in the case of Plaintiff April Palmer, many decades.

4.     Ordinance 8.8 sets forth certain prohibitions against East Pointe residents from maintaining or otherwise housing more than three (3) dogs at a residential property.  Plaintiffs are persons with a disability as defined under the Fair Housing Act, 42 U.S.C. §§ 3601, *et seq.* ("FHA"), and Michigan's Persons With Disabilities Civil

Rights Act, MCL § 37.1201 *et seq.* ("PDCRA").

5.      Despite being provided with a legally proper accommodation request on multiple occasions detailing FHA Plaintiffs' disability and need to maintain all of their Emotional Support Animals ("ESAs"), a total of five (5) dogs, at their residence located at 24664 Laetham Ave., East Pointe, Michigan, 48021, Defendants steadfastly refused to grant their request for a reasonable accommodation.

6.      Defendant City also filed misdemeanor charges against Plaintiff Darlene Palmer's son, Plaintiff Jason Palmer (who lives with both FHA Plaintiffs), on two occasions for violations of the Ordinance 8-8 in the 38th Judicial District, Macomb County, Michigan, actions which have been stayed by the district court during the pendency of this action.

7.      This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331.  This Court also has supplemental jurisdiction to hear state law claims pursuant to 28 U.S.C. §§ 1367.

8.      The amount in controversy exceeds $75,000.00, exclusive of interest, costs, and attorney fees.

9.      The events giving rise to all of the causes of action occurred in the City of East Pointe, Michigan, in the Eastern District of Michigan.  Accordingly, venue lies in the United States District Court for the Eastern District of Michigan under 28 USC §1391(b).

## PARTIES

10.     Plaintiff Darlene Palmer is a resident of the City of East Pointe, Macomb County, Michigan.

11.     Plaintiff April Palmer is a resident of the City of East Pointe, Macomb County, Michigan.

12.     Plaintiff Jason Palmer is a resident of the City of East Pointe, Macomb County, Michigan.

13.      Defendant City of East Pointe, Michigan is a municipal corporation that exists by virtue of the laws of the State of Michigan in the Eastern District of Michigan.

14.      Defendant Haines is a current employee and director of public safety of Defendant City of East Pointe, Michigan, which is a municipal corporation that exists by virtue of the laws of the State of Michigan, acting under color of State law and is a person for purposes of a 42 U.S.C. § 1983 action and an action under 42 U.S.C. § 3601, et seq.   Defendant Haines is being sued in his individual and official capacity.

15.     Defendant Bratton is believed to be a current or former employee and public safety officer of Defendant City, acting under color of State law and is a person for purposes of a 42 U.S.C. § 1983 action.  Defendant Bratton is being sued in her individual and official capacity.

4

16.     Defendant John Doe 1 is believed to be a current or former employee and public safety officer of Defendant City, acting under color of State law and is a person for purposes of a 42 U.S.C. § 1983 action.    Defendant John Doe 1 is being sued in his/her individual and official capacity.

17.     Defendant Briana Curtis is believed to be a current or former employee and public safety officer and/or Animal Control Officer of Defendant City, acting under color of State law and is a person for purposes of a 42 U.S.C. § 1983 action and an action under 42 U.S.C. § 3601, et seq.    Defendant Briana Curtis is being sued in her individual and official capacity.

18.     Defendant Mariah Walton ("Defendant Walton") is a former employee and City Manager of Defendant City, acting under color of State law and is a person for the purposes of an action under 42 U.S.C. § 3601, et seq.  Defendant Walston is being sued in her official capacity.

## GENERAL ALLEGATIONS

19.     Plaintiff Darlene Palmer purchased the home at 24664 Laetham, East Pointe, Michigan, 48021 in approximately 1993 and is the location where all Plaintiffs currently reside.

20.     On or about September 11, 2023, Defendant Bratton and Defendant John Doe 1 investigated a dog related incident involving Jason Palmer's dog

Theodore and his neighbor's three (3) pomeranian dogs who were teasing, tormenting and harassing Dog Theodore.

21.     The two (2) armed officers then ordered Plaintiff Jason Palmer to show Dog Theorodore to them, as well as Dog Theordore's siblings, and following their short and cursory review, Defendant Bratton said they would return after following through with their evaluation of the dogs.

22.     Sometime thereafter, the two (2) armed officers returned with two vehicles (one being an animal transport van) and demanded that Plaintiff Jason Palmer turnover Dog Theodore to them "for the purpose of conducting further evaluation" off-site.  Defendant Bratton stated that if Plaintiff Jason Palmer did not turn over Dog Theordore to her, Defendant officers would obtain a search warrant and forcefully come into the house and take Dog Theodore that evening.  Under duress, Plaintiff Jason Palmer capitulated and turned Dog Theordore over to the officers; and believes he was forced to sign a paper reflecting that Dog Theodore would be further evaluated off-site.  Dog Theodore was then placed in the animal transport van and the officers left.

23.     Sometime thereafter, the two (2) officers returned and Defendant Bratton told Plaintiff Jason Palmer that Dog Theodore had failed the temperament test and that he would have to be immediately euthanized, and further, that he and his family could say goodbye to Dog Theodore who was still in the van.

6

24.     After Plaintiff Jason Palmer and his mother and sister spent a few emotionally devastating minutes with Dog Theodore sharing their final minutes, the officers left with Dog Theordore.

25.     Sometime thereafter, Defendant City provided Plaintiff Jason Palmer with Dog Theodore's ashes.

26.     On or about October 18, 2023, Defendant Bratton then issued a citation to Plaintiff Jason Palmer for, among other things, violation of East Pointe Ordinance 8-8.  The citation stated "WAS GIVEN 30 DAYS TO GET RID OF 2 DOGS, CITATION MAILED OUT."

27.     East Pointe Ordinance 8-8 (a) provides, in pertinent part:  "No person shall possess, harbor, shelter, keep, or have custody of more than three dogs that are four months old or older on the same premises in the City except in kennels, veterinarian hospitals, clinics, pet shops or similar permitted uses in properly zoned districts or when such kennels, veterinarian hospitals, clinics, pet shops, and similar uses validly exist as nonconforming uses pursuant to the zoning code."

28.     On November 30, 2023, and since five (5) of the dogs at the home owned by Darlene Palmer (24664 Laetham, East Pointe, MI) were Emotional Support Animals ("ESA"), the FHC Plaintiffs (Darlene and her daughter April Palmer), through legal counsel Charles E. Dunn, provided Defendant City their FHA accommodation request by way of e-mail then formally notifying Defendant

City that both of the FHA Plaintiffs had independently verified disabilities that

substantially limit at least one major life activity or major bodily function and each

needs the animals identified in the request as they provide them therapeutic

emotional support to alleviate a symptom or effect of their FHA disability.

29.    On December 5, 2023, Ms. Heather Ross responded to Mr. Dunn's

November 30, 2023 e-mail, stating that "[o]ur chief of police has advised that the

appropriate time to address the situation is when they apply for a kennel permit.

Please notify your client that the next step would be applying for a kennel permit. I

previously emailed you that application but I have attached it again for your

convenience.  Thank you."  Upon information and belief, Defendant Haines was the

acting chief of police for Defendant City in November 2023.

30.    Having been forced to apply for a kennel license by Defendant City to

have its accommodation request addressed, Plaintiff Darlene Palmer completed the

City of East Pointe's Application for Kennel Permit on behalf of FHA Plaintiffs and

had it hand delivered it to the City Clerk on January 3, 2024 as instructed by

Defendant City.  As part of the application, the FHA Plaintiffs included reports from

their Michigan Licensed Professional Counselor Emily Madrigal, MA, LPC, NCC

(MI License # 6401013198) identifying the existence of plaintiffs' mental disability

and the necessity of the specifically listed ESA dogs which ameliorate different

symptoms of the disability: ESA dogs Blue and Star as to Plaintiff Darlene Palmer, and ESA dogs Patches, Cher and Victor as to Plaintiff April Palmer.

31.    By letter dated May 14, 2024, Defendant City without explanation denied FHA Plaintiffs' accommodation request for the five (5) ESA dogs. Specifically, the letter stated that "your request to house five [5] dogs at 24664 Laetham has been denied by the Director of Public Safety."

32.    Pursuant to the May 14, 2024, the FHA Plaintiffs, submitted their appeal, through legal counsel, to Defendant Walton, the current East Pointe City Manager at the time.

33.    Neither Defendant City or Defendant Walton ever acted on the appeal or otherwise provided comments, a response, or a decision of any kind.

34.    During this time, and in that the FHA Plaintiff having suffered from depression and anxiety for many years (decades), the prospect of losing their ESA dogs exacerbated their depression and anxiety.

35.    Notwithstanding the existence of the FHA Plaintiffs' outstanding appeal sitting in the City Manager's office for over 13 months, on or about June 25, 2025 Defendant City moved forward again with criminal charges by issuing a second ticket to Plaintiff Jason Palmer (38th District Court, Case No. 25EA04073).

36.    On or about October 3, 2025, a settlement was reached by way of a plea agreement entered into by Plaintiff Jason Palmer's legal counsel, Defendant

City's Attorney, and Defendant City's Animal Control Officer Ashley Sanchez, whereby the Defendant City would issue the long awaited kennel permit allowing the ESA dogs to be housed at the residence with the dogs subject to being spayed and neutered. The plea agreement was written and made part of the 38th District Court record.

37.    On or about October 30, 2025, Plaintiff Jason Palmer and his legal counsel went to the City's clerk office to provide proof that the dogs have been spayed and neutered, register for the outstanding dog licenses, and to receive the agreed upon kennel permit to allow the housing of the five (5) ESA dogs of the FHA Plaintiffs.

38.    At that time, Plaintiffs' counsel was then unexpectedly told by a city employee at the city clerk's office that it was told NOT to issue the dog licenses until the kennel license was approved.

39.    Later that same day, the Defendant City's Deputy City Clerk then advised Plaintiffs' legal counsel that no kennel license will be issued to Plaintiffs unless the Chief of Police told them otherwise, all contrary to the settlement agreement reflected in the 38th District Court plea agreement.

40.    In light of same, the Defendant City attorney agreed to a stay of the 38th District Court criminal case against Plaintiff Jason Palmer pending a decision in the instant federal court case.

41.    The FHA Plaintiffs repeatedly requested a reasonable accommodation of their disability-related need to have their ESA dogs.

42.    Defendant City, Defendant Haines and Defendant Walton repeatedly denied or failed to provide the reasonable accommodation without valid process or reason.

43.    Defendant City, Defendant Haines and Defendant Walton had actual knowledge of the FHA Plaintiffs' disabilities and their need to reside with their ESA dogs to ameliorate their known disabilities.

44.    The accommodation requested by the FHA Plaintiffs is reasonable as it does not impose any alteration in the nature of any program nor any financial or administrative burdens on Defendant City.

45.    Defendant City, Defendant Haines and Defendant Walton continue to unlawfully deny the FHA Plaintiffs' request for the reasonable accommodation of their mental disability in the form of an exemption of Ordinance 8-8 and any other local land use and zoning restrictions that would prevent them from continuing to live with and receive emotional support from his ESAs.

46.    Defendant City, Defendant Haines', and Defendant Walton's failure to make reasonable accommodations is discriminatory and unlawful.

47.    Defendant City, Defendant Haines', and Defendant Walton have each and collectively failed to agree to unconditionally exempt the FHA Plaintiffs, based

on their mental disabilities, from the rules, regulations, policies and strictures encompassed in Ordinance 8-8.

48.     Each day the FHA Plaintiffs are forced to live with the uncertainty of whether they will be allowed to continue having the support of their ESA dogs on their property, without repercussions from Defendant City, their mental illness escalates and their mental health decompensates.

## COUNT I

### PLAINTIFF JASON PALMER'S CLAIM FOR VIOLATION OF HIS CIVIL RIGHTS PURSUANT TO 42 U.S.C. § 1983 AND FOURTH AMENDMENT FOR SEIZURE OF DOG THEODORE AGAINST DEFENDANT HAINES, DEFENDANT BRATTON, DEFENDANT CURTIS AND DEFENDANT JOHN DOE 1

49.     Plaintiff re-alleges all prior allegations.

50.     The Fourth Amendment of the United States Constitution, U.S. Const. amend. IV, prohibits the government from unreasonably searching or seizing a citizen's property.  "A 'seizure' of property occurs when there is some meaningful interference with an individual's possessory interests in that property." *United States v. Jacobsen*, 466 U.S. 109, 113 (1984).

51.     "[T]here is a constitutional right under the Fourth Amendment to not have one's dog unreasonably seized."  *Brown v. Battle Creek Police Department*, 844 F.3d 556, 566 (6th Cir. 2016).  It is settled law, negating any qualified immunity, that the owners of dogs, even unlicensed ones, are entitled to

constitutional and fourth amendment protections as they retain a property interest in the dogs. *Smith v Detroit*, *et al*, 751 Fed. Appx. 691, 696 (2018).

52.    "The destruction of property by state officials poses as much of a threat, if not more, to people's right to be 'secure . . . in their effects' as does the physical taking of them." *Fuller v. Vines*, 36 F.3d 65, 68 (9th Cir. 1994), overruled on other grounds, *Robinson v. Solano County*, 278 F.3d 1007, 1013 (9th Cir. 2002) (citation omitted).

53.    "The killing of [a] dog is a destruction recognized as a seizure under the Fourth Amendment" and can constitute a cognizable claim under § 1983. *Id.*

54.    Dogs are more than just a personal effect. *San Jose Charter of the Hells Angels Motorcycle Club v. City of San Jose,* 402 F.3d 962, 975 (9th Cir. 2005).

55.    The emotional attachment to a family's dog is not comparable to a possessory interest in furniture. *Id*.

56.    Plaintiff's Fourth Amendment interests involved are substantial because "the bond between a dog owner and his pet can be strong and enduring," and Plaintiff thinks of his dogs "in terms of an emotional relationship, rather than a property relationship." *Altman v. City of High Point, N.C.*, 330 F.3d 194, 205 (4th Cir. 2003).

57.    Defendants' acts, including but not limited to, the illegal seizing Plaintiff's Dog Theordore was objectively unreasonable.

58.     Defendants' actions have resulted in the death of Plaintiffs' dog Theordore.

59.     Indeed, Defendants' acts described herein both individually and collectively were and are intentional, grossly negligent, and/or amount to reckless or callous indifference to Plaintiffs' constitutional rights.

60.     Defendants' actions are unreasonable under the totality of the circumstances and therefore constitute an unreasonable search and seizure under the Fourth Amendment.  The Fourth Amendment violations continue to this day.

61.     No governmental interest justifies the intrusion and deprivation of Plaintiff's dogs involved in this case.

62.     The right to possess a dog is clearly established. *Lesher v. Reed*, 12 F.3d 148, 150-51 (8th Cir. 1994).

63.     As a direct and proximate cause of Defendants' unlawful seizure of Plaintiffs' dogs, including the death of Theodore, Plaintiff suffered and continue to suffer damages, including mental pain and anguish that flow naturally from the constitutional violations.  *Moreno v. Hughes*, 2016 U.S. Dist. 5697 (E.D. Mich. Jan. 19, 2016) (holding that mental anguish and suffering damages are recoverable under the Civil Rights Act where police officers violate the Fourth Amendment by unreasonably shooting plaintiff's dog).

**Compensatory Damages**

64.     Under 42 U.S.C. § 1983 Plaintiff is entitled to an award of compensatory damages against Defendant Haines, Defendant Bratton, Defendant Curtis and Defendant John Doe 1.

**Punitive Damages**

65.     Defendants' actions were reckless; showed and continue to show callous indifference toward the rights of Plaintiff; and were taken in the face of a perceived risk that the actions would violate federal law.

66.     Plaintiffs are entitled to an award of punitive damages against Defendants Haines, Bratton, Curtis, and John Doe 1, in order to punish them and to deter others.

**Attorney's Fees**

67.     Under 42 U.S.C. § 1988 if Plaintiff is the prevailing party in this litigation, then he will be entitled to receive an award of reasonable attorney's fees, non-taxable expenses and costs.

WHEREFORE, and as to Count I, Plaintiff Jason Palmer requests a declaration that aforementioned practices and actions of Defendants constitute violations of the Fourth Amendment, compensatory damages in a fair and reasonable amount, for punitive damages, for reasonable attorney's fees, for non-taxable expenses, for costs, and Plaintiff prays for such other relief as may be just under the circumstances and consistent with the purpose of 42 U.S.C. § 1983.

15

## COUNT II

## PLAINTIFF JASON PALMER'S CLAIM FOR VIOLATION OF HIS CIVIL RIGHTS PURSUANT TO 42 U.S.C. § 1983 AND FOURTEENTH AMENDMENT PROCEDURAL DUE PROCESS AGAINST DEFENDANT HAINES, DEFENDANT BRATTON, DEFENDANT CURTIS AND DEFENDANT JOHN DOE 1

68.     Plaintiffs re-allege all of the preceding paragraphs as if set forth fully herein.

69.     The Fourteenth Amendment provides "nor shall any state deprive any person of life, liberty or property, without due process of law."  U.S. Const. amend. XIV, sect. 1, cl. 3.

70.     To establish a procedural due process claim under 42 U.S.C. Sect. 1983, a plaintiff must show that (1) it had a life, liberty, or property interest protected by the Due Process Clause; (2) it was deprived of this protected interest; and (3) the state did not afford it adequate procedural rights.  See *Daily Servs., LLC v. Valentino*, 756 F.2d 893, 904 (CA6 2014).

71.     Plaintiff had a protected property interest in their dogs. MCL 287.286a; MCL 287.321, *et seq., Brown*, *supra*., *Smith*, *supra*. Plaintiff's protected property interest in their dogs was denied due to the unlawful seizure, and death of dog Theordore. Plaintiff's property interest in his dog was denied due to an illegal seizure and hence the denial of a constitutionally mandated hearing to be held at a

meaningful time and a meaningful manner.  No procedural due process safeguards pursuant to MCL 287.321, *et seq*., were provided.

72.    Due to the illegal seizure no procedural remedy to retrieve the dog was provided.

73.    Therefore, Plaintiff had a constitutionally protected interest that was denied as a direct and proximate cause of Defendants' actions of illegally seizing the dogs, killing a dog, and all without being provided an opportunity to be heard.  As a direct and proximate cause of Defendants' actions, Plaintiff has been and continue to be damaged.

## Compensatory Damages

**74.**    Under 42 U.S.C. § 1983 Plaintiffs are entitled to an award of compensatory  damages against Defendants Haines, Bratton, Curtis, and John Doe 1.

## Punitive Damages

75.    Defendants' actions were reckless; showed and continue to show callous indifference toward the rights of Plaintiff; and were taken in the face of a perceived risk that the actions would violate federal law.

76.    Plaintiffs are entitled to an award of punitive damages against Defendants Haines, Bratton, Curtis, and John Doe 1., in order to punish them and to deter others.

**Attorney's Fees**

77.     Under 42 U.S.C. § 1988 if Plaintiff is the prevailing party in this litigation, then he will be entitled to receive an award of reasonable attorney's fees, non-taxable expenses and costs.

WHEREFORE, as to Count II, Plaintiff Jason Palmer requests a declaration that the aforementioned practices and actions of Defendants constitute violations of the Fourteenth Amendment, compensatory damages in a fair and reasonable amount, for punitive damages, for reasonable attorney's fees, for non-taxable expenses, for costs, and Plaintiff prays for such other relief as may be just under the circumstances and consistent with the purpose of 42 U.S.C. § 1983.

## COUNT III

## PLAINTIFF JASON PALMER'S *MONELL* POLICY AND CUSTOM LIABILITY CLAIM AGAINST DEFENDANT CITY OF EAST POINTE, MICHIGAN

78.     Plaintiffs allege all of the preceding paragraphs.

79.     Defendant City was aware of Plaintiff's ownership interest in Dog Theordore.

80.     Defendant City, including the East Pointe Police Department, actions and inaction demonstrate its policy of failing to recognize constitutionally protected property ownership rights that are clearly outlined in the federal system and in the Federal Sixth Circuit Court of Appeals.

18

81.     Defendant City, including the East Pointe Police Department, has a policy indicating a deliberate course of action of not providing for federal constitutionally mandated and state directed procedure for seizure of dogs, of failing to properly serve Plaintiffs with process, and of failing to provide post-deprivation hearings.

82.     Defendant City, including the Easte Pointe Police Department, failed to train and supervise its police officers and animal control officers to provide for federal constitutionally mandated pre- and post-seizure processes as outlined under state law and mandated by the federal constitution, and by denying post-detention hearings at a meaningful time and in a meaningful manner.

83.     Upon information and belief, Defendant Haines, Defendant Bratton and Defendant Curtis are officials with decision-making authority and decided and/or ratified the illegal seizure, illegal detention and euthanasia of Plaintiffs' dogs without any hearing pursuant to Michigan law.

84.     Defendant City, including the East Pointe Police Department, has a custom of tolerance or acquiescence in not providing for state and federal constitutionally mandated pre-seizure and post-seizure process.

85.     Defendant City's, including the East Pointe Police Department, policy and custom violates both the 4th Amendment and 14th Amendment of the U.S. Constitution.

86.    As a direct and proximate cause of Defendant City's, including the Est Pointe Police Department, policy and custom, Plaintiff Jason Palmer's constitutional rights have been violated and have caused Plaintiff to be damaged.

**Compensatory Damages**

87.    Under 42 U.S.C. § 1983, Plaintiff is entitled to an award of compensatory damages against Defendant City of East Pointe.

88.    Under 42 U.S.C. § 1988 if Plaintiff is the prevailing party in this litigation, he will be entitled to receive an award of reasonable attorney's fees, non-taxable expenses and costs.

WHEREFORE, as to Count III, Plaintiff Jason Palmer requests a declaration that aforementioned practices and actions of Defendants constitute violations of the Fourth and Fourteenth Amendments, compensatory damages in a fair and reasonable amount, for reasonable attorney's fees, for and non-taxable expenses, for costs, and Plaintiff prays for such other relief as may be just under the circumstances and consistent with the purpose of 42 U.S.C. § 1983.

## COUNT IV

## DEFENDANT CITY OF EAST POINTE'S, DEFENDANT HAINES' AND DEFENDANT WALTON'S VIOLATIONS OF THE FAIR HOUSING ACT

89.    Plaintiffs re-allege all of the preceding paragraphs as if set forth fully herein.

90.     FHA Plaintiffs are aggrieved persons as contemplated under 42 U.S.C. § 3602.

91.     FHA Plaintiffs are individuals with a disability within the meaning of the Fair Housing Act.  Specifically, FHA Plaintiffs have physical or mental impairments that substantially limits one or more of each of their major life activities and has a record of the impairment.

92.     FHA Plaintiffs' depression and anxiety result in limitations of major life activities such as difficulties communicating, irritability, and sleep disturbances.

93.     FHA Plaintiffs' mental health counselor determined that all of the FHA Plaintiffs' dogs are ESAs as contemplated under the FHA and the FHA Plaintiffs have provided Defendants with written documentation supporting this determination.

94.     The accommodation of a waiver of Ordinance 8-8 requested by the FHA Plaintiffs is reasonable as it does not impose any alteration in the nature of any program nor any financial or administrative burdens on Defendant City as required by the Fair Housing Act.

95.     The Fair Housing Act makes it unlawful to "discriminate against any person in the terms, conditions or privileges of sale or rental of a dwelling, because of a handicap."  42 U.S.C. § 3604(f)(2).  Such discrimination includes "a refusal to make reasonable accommodation in rules, policies, or services, when such

accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling." *Id* at § 3605(f)(3)(B).

96.     Defendants engaged in intentional discrimination based on disability in violation of the Fair Housing Act by denying Plaintiff's reasonable accommodation requests, based on mental disability, for exemptions from Ordinance 8-8.

97.     Defendants engaged in disparate treatment discrimination in violation of the Fair Housing Act by intentionally discriminating against the FHA Plaintiffs because of their disabilities.

98.     Defendants refusal to make the reasonable accommodation of providing Plaintiff with an exemption of Ordinance 8-8 has a disparate impact on Plaintiff and any disabled person within the City who may require the assistance of multiple emotional support animals such as dogs as contemplated in Ordinance 8-8.

99.     Defendants engaged in unlawful discriminatory housing practices in violation of 42 U.S.C. § 3613 by denying Plaintiff's reasonable accommodation requests, based on mental disability, for exemptions from Ordinance 8-8.

100.   FHA Plaintiffs are entitled to reasonable accommodations as persons with disabilities.

101.   Defendants denied Plaintiffs requests for reasonable accommodation of exemption from Ordinance 8-8.

102.   As a result of Defendants' actions, FHA Plaintiffs' mental health has and continues to decompensate and recovery from their mental injury is thwarted.

103.   Defendants are fully aware that the FHA Plaintiffs suffer from mental disabilities and that the threat of removal of their ESAs worsens their already serious mental health conditions.

104.   Defendants know that the threat of the removal of FHA Plaintiffs' ESAs and worsening mental health put Plaintiffs at imminent risk of serious emotional distress and medical harm.

105.   Defendants intentionally and maliciously forced the FHA Plaintiffs into the impossible choice of continuing to treat their mental injuries with their ESAs or losing the medical benefits of their ESAs by complying with Ordinance 8-8 and causing irreparable harm to their mental health.

106.   Defendants are fully aware that there is no legal basis to deny the FHA Plaintiffs' request to be exempted from Ordinance 8-8.

107.   Defendants are intentionally and willfully disregarding the FHA Plaintiffs' rights as person with disabilities by refusing to grant Plaintiffs' requests for the reasonable accommodation of Ordinance 8-8 without any additional conditions or requirements.

108.   FHA Plaintiffs have experienced a significant increase in their levels of anxiety and an exacerbation of their preexisting disabling mental injuries leading to

a limitations on major life activities of caring for oneself including, but not limited

to, communication difficulties, inability to sleep, inability to eat, irritability,

edginess and depression, as a result of Defendant's denial of his request for

reasonable accommodations for exemption from Ordinance 8-8.

## COUNT V

## DEFENDANT CITY OF EAST POINTE'S, DEFENDANT HAINES' AND DEFENDANT WALTON'S VIOLATIONS OF THE PERSONS WITH DISABILITIES CIVIL RIGHTS ACT

109.   Plaintiffs reallege all of the preceding paragraphs as if set forth fully

herein.

110.   FHA Plaintiffs are individuals with a disability within the meaning of

the Persons With Disabilities Civil Rights Act, MCL § 37.1201 *et seq.*  Specifically,

FHA Plaintiffs have physical or mental impairments that substantially limits one or

more of each of their major life activities and has a record of the impairment.

111.   FHA Plaintiffs' depression and anxiety result in limitations of major

life activities such as difficulties communicating, irritability, and sleep disturbances.

112.   Plaintiff's mental health counselor determined that all of the FHA

Plaintiffs' dogs are ESAs as contemplated under the FHA and the FHA Plaintiffs

have provided Defendants with written documentation supporting this

determination.

113.   The accommodation of a waiver of Ordinance 8-8 requested by the FHA Plaintiffs is reasonable as it does not impose any alteration in the nature of any program nor any financial or administrative burdens on Defendant City as required by the Persons With Disabilities Civil Rights Act.

114.   FHA Plaintiff are entitled to reasonable accommodations as persons with disabilities.

115.   Defendants denied Plaintiffs requests for reasonable accommodation of exemption from Ordinance 8-8.

116.   As a result of Defendants' actions, FHA Plaintiffs' mental health has and continues to decompensate and recovery from his mental injury is thwarted.

117.   Defendants are fully aware that the FHA Plaintiffs suffer from mental disabilities and that the threat of removal of their ESAs worsens their already serious mental health conditions.

118.   Defendants know that the threat of the removal of his ESAs and worsening mental health put Plaintiff at imminent risk of serious emotional distress and medical harm.

119.   Defendants intentionally and maliciously forced the FHA Plaintiff into the impossible choice of continuing to treat their mental injuries with their ESAs or losing the medical benefits of their ESAs by complying with Ordinance 8-8 and causing irreparable harm to his mental health.

120. Defendants are fully aware that there is no legal basis to deny the FHA Plaintiffs' request to be exempted from Ordinance 8-8.

121. Defendants are intentionally and willfully disregarding the FHA Plaintiffs' rights as person with disabilities by refusing to grant Plaintiffs' requests for the reasonable accommodation of Ordinance 8-8 without any additional conditions or requirements.

122. FHA Plaintiffs have experienced a significant increase in their levels of anxiety and an exacerbation of their preexisting disabling mental injuries leading to an limitations on major life activities of caring for oneself including, but not limited to, communication difficulties, inability to sleep, inability to eat, irritability, edginess and depression, as a result of Defendant's denial of his request for reasonable accommodations for exemption from Ordinance 8-8.

WHEREFORE, and as to Counts IV and V, FHA Plaintiffs DARLENE PALMER and APRIL PALMER pray that this Honorable Court grant the following remedies:

A. Issue a temporary restraining order and preliminary and permanent injunctions to enjoin Defendants (1) from taking any adverse actions whatsoever against FHA Plaintiffs or Plaintiff Jason Palmer relative to Ordinance 8-8; (2) from continuing to pursue the pending legal action in the

38th District Court;  (3) from further initiating or levying any fines or taking other punitive or monetary measures against FHA Plaintiffs or Plaintiff Jason Palmer related to Ordinance 8-8; (4) from denying FHS Plaintiffs' requests for reasonable accommodations; and (5) from interfering with FHA Plaintiffs' rights under the Fair Housing Act or the Persons With Disabilities Civil Rights Act;

B.    Declare that the aforementioned practices and actions of Defendant constitute violations of the Fair Housing Act, 42 U.S.C. §§ 3601, *et seq.* and Michigan's Persons With Disabilities Civil Rights Act, MCL § 37.1201 *et seq.*

C.    Award Plaintiff compensatory damages;

D.    Award Plaintiff punitive damages;

E.    Award Plaintiff reasonable attorney's fees, costs, and interest;

F.    Award Plaintiff such other relief as this Court deems just and proper.

/s/ CELESTE M. DUNN
Celeste M. Dunn PLC
Attorneys for Plaintiff
P.O. Box 1536
Birmingham, MI 48012
Tel: (248) 701-3467
Fax: (248)856-4237
celestemdunnplc@gmail.com

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

Respectfully submitted,

/s/ CELESTE M. DUNN
Celeste M. Dunn PLC
Attorneys for Plaintiff
P.O. Box 1536
Birmingham, MI 48012
Tel: (248) 701-3467
Fax: (248) 856-4237
celestemdunnplc@gmail.com